By the Court.—Van Vorst, J.
The consideration which we have given to this case, and to the case of Grant, survivor, against the plaintiff (see this case, ante) in which he is individually sued as the acceptor of the eight drafts described in the complaint herein, affords good reasons for the conclusion that this action was properly brought.
The bills of exchange were without consideration between drawer and acceptor. They were really made and accepted to raise funds to meet other drafts drawn in the same form against bank credits used for the payment of merchandise bought for the joint account of the defendant Hubbell, the drawer, and the plaintiff, the acceptor of the same.
The drafts, instead of being used in the bank where the acceptor understood they were to be placed for this *354 purpose, were pledged with the firm of Grant & Son, of which firm the defendant Grant is the survivor, and specific sums of money "borrowed by the defendant Hubbell upon them.
*353 * Note.—The other points and facts in this case are fully considered in Grant 0. Taylor, ante, page 338.—Reporters.
*354 The referee has found that five of the acceptances were received by Grant & Son under such understanding and circumstances as render them void in their hands for usury.
He also finds that all the specific advances made by Grant & Son on the drafts had been paid by Hub-bell in cash, or by credits in his favor.
The defendant, Richard S. Grant, survivor, claims still to hold the drafts to answer a general balance of account in his favor against Hubbell, and for which he seeks to charge the plaintiff jointly with defendant Hubbell.
The plaintiff in his complaint avers that he has requested the defendant, Richard S. Grant, to render him an account of the advances and moneys for which he claims to hold the drafts, and that such request has been refused.
• The defendant, Richard S. Grant, survivor, brought three separate actions upon the eight drafts. The first upon one, the second upon three, and the third on the remaining four.
This action was commenced after the first action in Grant’s-favor was at issue, but previous to issue joined in the remaining two.
If the plaintiff is at all liable to Grant & Son for any amount over and above the specific advances made on the drafts, he is only so jointly with the defendant Hubbell. The plaintiff being prosecuted in the three actions in favor of Grant as the acceptor of the drafts, and no other liability or claim being made against him therein, other than as the acceptor of the bills, and that to the full amount appearing upon their face, no opportunity has been afforded him in these actions to set up *355 by way of answer Ms non-liability for the indebtedness created by Hubbell in favor of Grant & Son, and for which he is really sought to be charged. For a full and just.determination of the controversy, and for the protection of the plaintiff, who is sought to be made liable for an indebtedness created by the defendant Hubbell against them jointly, the presence of Hubbell is necessary as a party defendant, so that he also be concluded thereby.
And besides, if the acceptances are void in the hands of the defendant Grant for usury, as is claimed in the complaint, the plaintiff is entitled affirmatively to demand that they be delivered up to be cancelled (Revised Statutes, 5th Edition, vol. 3, p. 773, §§ 8, 13, 14).
We think this action was properly brought, and that it affords a remedy for a full determination of the rights and liabilities of all the parties. The judgment appealed from should be reversed, the order of reference set aside, and a new trial ordered, with costs to the appellant to abide the event.
Modele and Sedgwick, JJ., concurred.